UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 25-cv-20442-BLOOM/Elfenbein

ALONSO RHENALS,

    Plaintiff,
v.

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Federal Express Corporation's ("FedEx") Motion to Dismiss Plaintiff's Complaint ("Motion"), ECF No. [5]. Plaintiff Alonso Rhenals filed a Response in Opposition ("Response"), ECF No. [7], to which FedEx filed a Reply, ECF No. [8]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, FedEx's Motion is denied.

**I.   BACKGROUND**

On June 5, 2024, Plaintiff, a former FedEx employee, sued FedEx in the Circuit Court in Miami-Dade County, Florida ("*Rhenals I*"), asserting claims of hostile work environment, retaliation, and age discrimination under the Florida Civil Rights Act of 1992 ("FCRA"). *Rhenals v. FedEx*, 24-cv-22556 (S.D. Fla. 2024) ECF No. [1]. Prior to initiating the action, Plaintiff filed a "charge of employment discrimination with the Equal Employment Opportunity Commission" on February 28, 2023. *See Rhenals v. FedEx*, 25-cv-20442, (S.D. Fla. 2024), ECF Nos. [1], [5].[1] On July 5, 2024, FedEx timely removed the action to this Court in a separate action. *Rhenals*, 24-cv-

---

[1] The Court notes that Plaintiff does not dispute the date he filed the charge of discrimination with the EEOC. *See* ECF No. [7] at 4 ("Plaintiff filed a charge of discrimination with the EEOC on or about February 28, 2023.").

22556, ECF No. [1]. FedEx then filed a motion to dismiss the complaint for failure to state a claim. ECF No. [4]. On November 4, 2024, the Court in that case granted FedEx's motion and dismissed Plaintiff's complaint without prejudice. *Rhenals*, 24-cv-22556, ECF Nos. [22].

On January 29, 2025, Plaintiff filed the operative Complaint ("*Rhenals II*") in this case, which asserts identical claims and is based on the same underlying facts as *Rhenals I*. *See Rhenals*, 25-cv-20442, ECF No. [1]. FedEx contends the Complaint should be dismissed as time-barred because Plaintiff did not file his claims within ninety days of receiving his right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC"), and Plaintiff's complaint in *Rhenals I* did not toll the ninety-day deadline as it was dismissed without prejudice. *See* ECF No. [5]. Plaintiff disagrees that his Complaint is untimely and argues that because the EEOC did not issue a cause determination within 180 days of his filing of the EEOC discrimination charge, he has four years, not ninety-days, to file his claims in federal court. *See* ECF No. [7].

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

2

550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss,[2] a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

While courts are to focus principally on the complaint at the motion to dismiss stage, courts "may also consider [certain] documents attached to a pleading and matters of which a court may take judicial notice" without converting the motion to dismiss into a motion for summary judgment. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013) (citing Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see Jackson v. Alto Experience, Inc.*, 716 F. Supp. 3d 1327, 1340 (S.D. Fla. 2024). Specifically, courts may consider an exhibit when "a plaintiff refers to [the] document in its complaint, the document is central to its claim, its contents are not in dispute,[3] and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)).

---

[2] "A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997)).

[3] "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Jackson*, 716 F. Supp. 3d at 1340 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

### III. DISCUSSION

#### A. Plaintiff's FCRA Claims are Not Time Barred

FedEx argues that Plaintiff's Complaint must be dismissed as untimely. According to FedEx, not only must a "plaintiff suing under the Florida Civil Rights Act [ ] file a charge with the EEOC no more than 365 days after the last discriminatory act," FedEx contends that when "a plaintiff dual files his charge of discrimination with the EEOC and the state fair employment practices agency (here, the Florida Commission on Human Relations) and 'the plaintiff receives from the EEOC a right-to-sue notice, the plaintiff must sue within ninety days.'" ECF No. [5] at 3-4 (quoting *Guang Chen v. Sarasota Cty. Sch. Bd.*, No. 8:18-cv-2458-T-23AAS, 2019 WL 1003067, at *2 (M.D. Fla. Mar. 1, 2019)). Defendants assert that "Plaintiff dual filed his Charge of Discrimination (Charge No. 510-2023-03524) with the EEOC and the Florida Commission on Human Relations on or about February 28, 2023[,]" and the EEOC issued to Plaintiff a Notice of Right to Sue on April 22, 2024, "advising Plaintiff that '[his] lawsuit must be filed WITHIN 90 DAYS of receipt of this notice.'" *Id.* at 4 (quoting Notice of Right to Sue—Exhibit B) (emphasis removed). FedEx contends that initiating a suit within ninety days is a necessary precondition for Plaintiff to bring the instant action. Accordingly, since Plaintiff did not file his Complaint by July 21, 2024, Plaintiff's claims are untimely.

FedEx further argues that Plaintiff's previous action in *Rhenals I* does not save his instant claims or otherwise toll the ninety-day filing deadline. Although FedEx acknowledges that *Rhenals I* involved the same facts and claims as the instant action, because the Court dismissed Plaintiff's Complaint in *Rhenals I* without prejudice, the Court's Order "ha[d] the effect of placing the parties in a position as if the suit was never filed." ECF No. [5] at 4. Consequently, Plaintiff's instant Complaint must be dismissed as time barred.

4

Plaintiff responds that his claims were timely filed, and FedEx's argument "misinterprets the applicable law." ECF No. [7] at 1. According to Plaintiff, under "well-established Florida law, when the Florida Commission on Human Relations (FCHR) or EEOC fails to make a cause determination within 180 days, a claimant may file suit within four years of the accrual of the cause of action. ECF No. [7] at 3 (citing *Joshua v. City of Gainesville*, 768 So. 2d 432, 433 (Fla. 2000); *Woodham v. Blue Cross & Blue Shield*, 829 So. 2d 891, 899 (Fla. 2002)). Plaintiff argues that it properly filed a charge of discrimination with the EEOC on February 28, 2023. ECF No. [7] at 4. And although the EEOC issued its Right to Sue letter on April 22, 2024, the EEOC's letter did not include a reasonable cause determination. *See id.* Absent such a determination, Plaintiff insists he "ha[s] four years from the date of the last discriminatory act to file suit." *Id.* at 4.[4]

"As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the FCHR [or the EEOC] within 365 days of the alleged violation."[5] *Woodham*, 829 So. 3d at 894  (citing Fla. Stat. § 706.11(1)); *Jackson*, 716 F. Supp. 3d at 1341 ("As an alternative to filing a charge of discrimination directly with the FCHR, the statute also authorizes the filing of 'a complaint under this section . . . with the federal [EEOC] . . ..'") (quoting Fla. Stat. § 760.11(1)). Once the claimant has filed their charge, the agency

---

[4] Courts routinely find it proper to consider both a plaintiff's administrative charge and the agency's right to sue letter at the motion to dismiss stage. *See Jackson*, 716 F. Supp. 3d at 1341 ("[T]he Court finds it proper to take judicial notice of the EEOC Charge, the MDCHR Charge, and the MDCHR Right to Sue Letter without converting this motion to dismiss into a motion for summary judgment.") (citing *Hodge v. Miami Herald Co.*, No. 08–20633–CIV, 2008 WL 4180012, at *2 (S.D. Fla. Sept. 10, 2008)).

[5] "Florida is a 'deferral state.'" *Mason v. K Mart Corp.*, 1 F. Supp. 2d 1333, 1336 (M.D. Fla. 1998) (quoting *Showers v. City of Bartow*, 978 F. Supp. 1464, 1468-69 (M.D. Fla. 1997)). Accordingly, "under the so[-]called 'work-sharing agreement' between the EEOC and the FCHR, a filing with a single agency constitutes dual filing." *Id.* Therefore, since Plaintiff's claims were allegedly filed with the EEOC, they were also simultaneously filed with the FCHR for the purposes of exhaustion. *See Woodham*, 829 So. 2d at 893 (finding that filing a charge with the United States Equal Employment Commission "operated as a dual filing with the Florida Commission on Human Relations ["FCHR"], pursuant to the EEOC/FCHR workshare agreement.").

responsible for the investigation has 180 days to determine whether "there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act[.]" Fla Stat. § 760.11(3). If the agency makes a favorable reasonable cause determination, the claimant has one year to bring a civil action.[6] *Hines v. Whataburger Rests., LLC*, 301 So. 3d 473, 475 (Fla. 1st DCA 2020) (citing § 760.11(5)).[7] If the agency fails to make a determination whether reasonable cause exists within 180 days, the plaintiff "may proceed under § 760.11 as if the FCHR made a 'reasonable cause' determination." *Woodham*, 829 So. 2d at 895 (quoting Fla. Stat. § 760.11(8)). However, when the agency fails to timely administer a reasonable cause determination as to the claimant's FCRA claims or otherwise fails to notify the claimant that it has not made a determination, the general four-year statute of limitations, not the one-year statute of limitations, applies. *See Hines*, 301 So. 3d at 475 (citing *Joshua City of Gainesville*, 768 So. 2d 432, 433 (Fla. 2000)); *see also Ellsworth v. Polk Cnty. Bd. of Cnty. Comm'rs*, 780 So. 2d 903, 905 (Fla. 2001) ("[T]he general four-year statute of limitations for statutory causes of action embodies in section 95.11(3)(f), Florida Statutes (1999), applies when the Commission fails to make a reasonable cause determination within 180 days."). Therefore, the central question here is whether the EEOC's Determination and Notice of Rights letter constitutes a proper "reasonable cause" determination

---

[6] Upon receiving a favorable cause determination, a claimant may also request an administrative hearing in lieu of filing a civil action. *See* Fla. Stat. § 760.11(4).

[7] Despite FedEx's suggestion to the contrary, the FCRA does not require that a plaintiff file their FCRA claims in court within ninety days of receiving a right-to-sue letter. *See generally* Fla. Stat. 760.11. The ninety-day deadline contained in the EEOC's right-to-sue notices applies to federal claims and does not extend to state law claims. *See e.g.*, *Sheridan v. State, Dep't of Health*, 182 So. 3d 787, 792 (Fla. 1st DCA 2016) ("The EEOC's right-to-sue notice is clear that the 90–day window applies only to claims under federal law brought in federal or state court."); *Castellon v. City of Pompano Beach*, Case No. 22-61453-CIV, 2023 WL 5955455, at *3 (S.D. Fla. Aug. 30, 2023) ("After receiving a "right-to-sue-letter" from the EEOC, a plaintiff has ninety days to file its *Title VII* claims with the district court.") (emphasis added).

or notice that precludes Plaintiff from relying on the four-year statute of limitations to assert his claims.

As a preliminary matter, the EEOC's Determination and Notice of Rights letter does not constitute a reasonable cause determination as contemplated under § 760.11 because it was untimely. Plaintiff properly filed an administrative charge with the EEOC on February 28, 2023. *See* ECF No. ECF No. [5-1] at 2. Therefore, to trigger the FCRA's one-year statute of limitations, the EEOC had until August 27, 2023, to either issue a reasonable cause determination or otherwise notify Plaintiff of the agency's failure to determine whether there was reasonable cause, and that Plaintiff had one year to file any civil suit. *See* § 760.11(3), (8). Because the EEOC did not issue its Determination and Notice of Rights letter until April 22, 2024—well after the 180-day deadline—the letter could not serve as a reasonable cause determination or a notice of Plaintiff's rights under the FCRA. Consequently, the one-year statute of limitations was not triggered, and therefore, the general four-year statute of limitations applies. *See Hines*, 301 So. 3d at 476 ("[W]hen the FCHR fails to make a reasonable cause determination within 180 days, the four-year statute of limitations applies.") (citing *Joshua*, 768 So. 2d at 433); *Ellsworth*, 780 So. 2d at 905.

Even if the EEOC issued its Determination and Notice of Rights letter before August 27, 2023, the letter's substance is still insufficient to trigger the one-year limitation period. The EEOC's Determination and Notice of Rights letter states:

> The EEOC will not proceed further with its investigation and makes *no determination* about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

ECF No. [5-2] at 1 (emphasis added). Upon a plain reading of the letter, the EEOC did not determine whether there was reasonable cause to support a FCRA violation. As the court explained

7

in *White v. City of Pompano Beach* when it addressed similar language, "the EEOC's finding that it was 'unable to conclude that the information obtained establishes violations of the statutes' is not a determination that the commission had 'reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred'" nor is it a finding that there is no reasonable cause. 813 So. 2d 1003, 1005 (Fla 4th DCA 2002). Rather, the letter is not a cause determination at all, and therefore does not require that Plaintiff comply with the one-year limitation period outlined in § 760.11(5). *See McCarty v. Navy Fed. Credit Union*, Case No. 3:20cv5988-TKW-EMT, 2021 WL 5033496, at *2 (N.D. Fla. Mar. 18, 2021); *see also Marbury v. SDH Servs. W. LLC*, 662 F. Supp. 3d 1220 (N.D. 2023) ("Florida courts have consistently refused to treat an EEOC notice as an adequate substitute for an FCHR notice when, as here the EEOC notice did not track the language that would be included in a proper FCHR notice") (citing *Sheridan v. Fla. Dep't of Health*, 182 So. 3d 787, 791-92 (Fla. 1st DCA 2016); *Santini v. Cleveland Clinic Fla.*, 843 So. 2d 1029, 1032-34 (Fla. 4th DCA 2003); *White*, 813 So. 2d at 1005-07; *Cisko v. Phoenix Med. Prods., Inc.*, 797 So. 2d 11, 13-14 (Fla. 2d DCA 2001)).[8]

The fact that the EEOC's Determination and Notice of Rights letter informed Plaintiff he had ninety days to file a civil suit upon receipt of the letter does not alter the Court's conclusion that the four-year statute of limitations is the applicable limitation period. Fla. Stat. § 760.11(8) provides that "[i]f the commission fails to . . . determine whether there is reasonable cause on any complaint under this section within 180 days:

> The commission shall promptly notify the aggrieved person of the failure to conciliate or determine whether there is reasonable cause. The notice shall provide

---

[8] While the district courts in *Marbury* and *McCarty* acknowledge there are federal district court decisions finding such EEOC notices sufficient, ultimately, "Florida decisions—not any inconsistent federal decisions—are controlling on this state-law issue." *Marbury*, 662 F. Supp. 3d at 1223 (citing *McCarty*, 2021 WL 5033496, at *1); *see also King v. Ord. of United Com. Travelers of Am.*, 333 U.S. 153, 158 (1948) ("[F]ederal courts [sitting in diversity] are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise[.]").

> the options available to the aggrieved person under subsection (4) and inform the aggrieved person that he or she must file a civil action within 1 year after the date the commission certifies that the notice was mailed.

The EEOC's letter "did not provide [Plaintiff] the options available to [him] under state law and did not mention the one-year deadline." *Marbury*, 662 F. Supp. 3d at 1223; *see also White*, 813 So. 2d at 1007 (finding four-year limitation applied where EEOC form did not specify the options plaintiff had available under the FCRA). Indeed, the letter specifically states that "[t]his information relates to filing suit in Federal or State court **under Federal Law**. If [Plaintiff] also plan[s] to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below." ECF No. [5-2] at 3 (emphasis in the original). To assume that a notice specifically providing a ninety-day deadline to file federal claims would also extend to Plaintiff's state law claims is counterintuitive, and antithetical to the statutory language[9] and policy presumptions of the FCRA. *See Matamoros v. Broward Sheriff's Office*, 2 F. 4th 1329, 1334 (11th Cir. 2021) ("[T]he FCRA says that it 'shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.'") (quoting Fla. Stat. § 760.01(3)); *Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 104 (Fla. 2d DCA 2023) (explaining that the FCRA "is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the legislature.") (quoting *Joshua*, 768 So. 2d at 435).

Consequently, Plaintiff's FCRA claims are subject only to the general four-year limitation period for Florida statutory claims. *See Joshua*, 768 So. 2d at 433; *see also* Fla. Stat. § 95.11(3)(f)). Therefore, Plaintiff's claims have been timely filed.

---

[9] "[A]s a federal court, we must be particularly reluctant to rewrite the terms of a state statute." *Dimmitt v. City of Clearwater*, 985 F.2d 1565, 1572 (11th Cir. 1993).

Case No: 25-cv-20442-BLOOM/Elfenbein

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. FedEx's Motion to Dismiss, **ECF No. [5]**, is **DENIED**.

2. FedEx shall file its Answer to Plaintiff's Complaint no later than May 30, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 16, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record